1  JAMES E. WHITMIRE, ESQ.
   Nevada Bar No. 6533
2  SANTORO, DRIGGS, WALCH,
   KEARNEY, HOLLEY & THOMPSON
3  400 South Fourth Street, Third Floor
   Las Vegas, Nevada 89101
4  Telephone: 702/791-0308
   Facsimile: 702/791-1912

5

6  *Attorneys for Defendants Horace Mann*
   *Services Corporation and Horace Mann Investors, Inc.*

7

8                **UNITED STATES DISTRICT COURT**

9                    **DISTRICT OF NEVADA**

10  RICHARD YUSKO, an individual,

11              Plaintiff,                CASE NO.:   2:11-cv-00278-RLH-GWF

            v.
12
    HORACE MANN SERVICES
13  CORPORATION, an Illinois Corporation;
    HORACE MANN INVESTORS, INC., an
14  Illinois Corporation; DOES I through X,
    inclusive; and ROE CORPORATIONS I
15  through X, inclusive,

16              Defendants.

17

18          **CONFIDENTIALITY AND PROTECTIVE ORDER**

19          The parties wish to maintain the confidentiality of private documents and information

20  that they have not made available to the public, but may be required to produce during the course

21  of this litigation.  This information includes internal corporate records and information that may

22  otherwise contain confidential information.   The parties agree that such documents and

23  information may qualify as intellectual, proprietary, and property interests such as trade secrets

24  or confidential information; and/or, sensitive, non-public information that would justify sealing

25  or redaction.

26          Accordingly, the parties hereto, each by their respective counsel, hereby enter into this

27  Stipulation and Order of Confidentiality respecting documents and other confidential information

28  produced in this litigation as follows:

06247-53/789379 (2).doc

1.      Any information designated by a party (hereafter "Source") as "Confidential Information" (which designation shall be made in good faith) that may be produced in documentary form, as an oral statement, or in any other form (a) shall be used solely for the purpose of this action; (b) shall be disclosed only to the individuals identified in paragraph 2(a)-(f) of this Stipulation; and (c) shall not be published to the public in any form by the parties or their counsel or by the individuals identified in paragraphs 2(a)-(f) of this Stipulation.

2.      Use of information designated by a party as "Confidential Information" shall be restricted to the following persons:

(a)      Attorneys employed by the parties to the above-captioned action and employees of such attorneys to whom it is necessary that the information be disclosed for the purposes of this action;

(b)      Such employees, agents or directors of the parties as are necessary to assist in the prosecution of this action;

(c)      Independent persons (including independent accountants, statisticians, economists, or other technical experts) retained by the parties to the above-captioned action, or by their attorneys, solely for the purpose of assisting in the preparation of this action, provided that any such independent persons have executed a written agreement to be bound by the terms of the Stipulation and have been provided with a copy of the Stipulation;

(d)      The Court, Court reporters or stenographers engaged to record deposition testimony, and their employees;

(e)      Any mediators;

(f)      Other persons as may be authorized by the Court.

3.      Information shall constitute "Confidential Information" when a party marks the first page of a document (or any copy of that document) "Confidential"; when a party provides written notice to counsel that a document (or part of a document) is "Confidential"; or when a party states on the record during an oral deposition that a statement is "Confidential."

. . .

06247-53/789379 (2).doc

1        4.     Nothing shall prevent disclosure beyond the terms of this Stipulation in the event

2   that a party consents to such disclosure or in the event that the Court orders such disclosure.

3        5.     All information designated by a party as "Confidential Information" that may

4   appear in any pleading, motion, transcript, or other paper that is submitted or filed with the Court

5   shall be submitted or filed, in whole or in part, under seal and maintained under seal until either

6   further order of the Court or until such filing requirement is waived in writing by the designating

7   party or its undersigned counsel.

8        6.     Any inadvertent disclosure by a party of "Confidential Information," regardless of

9   whether the information was so designated at the time of disclosure, shall not be deemed a

10   waiver in whole or in part of that party's claim of confidentiality, either as to the specific

11   information disclosed or as to any other information relating thereto or as to the same or related

12   subject matter.

13        7.     Within sixty (60) days after the conclusion of this action, the originals and

14   reproduction of any documents produced by any party that contain information designated by

15   any party as "Confidential Information" shall either be returned to the designating party or the

16   party to which such documents were produced shall certify to other parties that such documents

17   have been destroyed, provided that counsel for the parties shall be entitled to retain one copy for

18   their files of any material filed with the Court, subject to the continued protections of this

19   Stipulation.

20        8.     This Order applies only to information furnished by parties and non-parties that is

21   not otherwise publicly available and that has been designated by any party as confidential.

22        9.     In the event that documents or information that may contain Confidential

23   Information are made available for inspection by the source, the party inspecting the documents

24   and/or information shall treat all documents and information produced as Confidential.  There

25   will be no waiver of confidentiality by the inspecting of Confidential Information before it is

26   copied and marked "Confidential."

27        10.    A party may, consistent with the provisions of this Order, refer to Confidential

28   Information in pretrial conferences before the Court, evidentiary hearings and at trial.  The use of

06247-53/789379 (2).doc

SANTORO, DRIGGS, WALCH, KEARNEY, HOLLEY & THOMPSON

SDW

1    Confidential Information at trial shall be addressed in the final pretrial order.  In the event a

2    witness is scheduled to testify at any hearing prior to trial, the parties agree to meet and confer in

3    advance of the hearing to decide if any precautions are necessary to protect the source's

4    Confidential Information.  The source must designate the transcripts of such proceedings as

5    "Confidential" within thirty days of receipt; if the disclosing source is not a party, the party using

6    the information must confer with the source regarding such designation.

7         11.    This Order applies equally to documents and information obtained by or produced

8    in response to any subpoena, including in particular information produced by non-parties.  Any

9    party to this action may designate as "Confidential" documents or information produced by any

10   party or non-party in this action.  Such designation must be made within thirty days of the receipt

11   of the documents or information produced by the non-party or other party.  Until this 30-day

12   period expires, the parties shall treat all documents and information produced in discovery as

13   "Confidential," including documents and information produced by non-parties.

14        12.    Nothing in this Order shall abridge the right of any party to seek amendment of

15   this Order upon a showing of good cause or the written agreement of the opposing party or

16   parties, or to challenge any party's designation of any material as confidential, provided the

17   challenging party seeks first to resolve the issue with the designating party prior to seeking relief

18   with the Court.

19        13.    Nothing in this Order shall abridge the right of any party to redact confidential

20   information from documents prior to their production provided such party clearly indicates that a

21   redaction has been made and clearly describes, in general terms, the information being redacted.

22        14.    This Order shall survive the termination of this litigation.  The Court shall retain

23   jurisdiction, even after termination of this lawsuit, to enforce this Order and to make such

24   amendments and modifications to this Order as may be appropriate.

25        15.    If a source inadvertently or mistakenly discloses documents or materials protected

26   by the attorney-client privilege, attorney work product or any other privilege, the source shall

27   promptly advise the receiving party of the disclosure and recall any such inadvertently disclosed

28   privileged documents or materials by making a request of the receiving party for their return.

06247-53/789379 (2).doc

- 4 -

1  Likewise, if a receiving party becomes aware that a source inadvertently or mistakenly disclosed

2  documents or materials protected by the attorney-client privilege, attorney work product or any

3  other privilege, the receiving party shall promptly advise the source of the disclosure and return

4  the documents or materials and any and all copies to the source.  If the receiving party fails to

5  return such documents or materials, the source may move the Court for an Order compelling the

6  return.  A source that elects to initiate a challenge to a receiving party's failure to return such

7  documents or materials must do so in good faith and must begin the process by conferring

8  directly (in voice to voice dialogue; other forms of communication are not sufficient) with

9  counsel for the receiving party.  In conferring, the source must explain the basis for its belief that

10  the disclosure was made in error and must give the receiving party an opportunity to reconsider

11  the circumstances, and, if no change in position is offered, to explain the basis for that position.

12  A source may proceed to the next stage of the challenge process only if it has engaged in this

13  meet and confer process first.

14  Dated this ___3rd___ day of October,  2011.

16  _George Foley Jr._
   United States Magistrate Judge

18  Dated this 30th day of September, 2011.          Dated this 30th day of September, 2011.

19  KANG & ASSOCIATES                                SANTORO, DRIGGS, WALCH,
                                                    KEARNEY, HOLLEY & THOMPSON

21  /s/ Erica D. Loyd                                /s/ James E. Whitmire
   ERICA D. LOYD, ESQ.                              JAMES E. WHITMIRE, ESQ.
22  Nevada Bar No. 10922                             Nevada Bar No. 6533
   3571 Red Rock Street, Suite A                    400 South Fourth Street, Third Floor
23  Las Vegas, NV  89103                             Las Vegas, Nevada  89101

24  Attorney for Plaintiffs                          Attorneys for Defendant

06247-53/789379 (2).doc

- 5 -

1  JAMES E. WHITMIRE, ESQ.
   Nevada Bar No. 6533
2  SANTORO, DRIGGS, WALCH,
   KEARNEY, HOLLEY & THOMPSON
3  400 South Fourth Street, Third Floor
   Las Vegas, Nevada  89101
4  Telephone:  702/791-0308
   Facsimile:  702/791-1912
5
   *Attorneys for Defendants Horace Mann*
6  *Services Corporation and Horace Mann Investors, Inc.*
7
8              **UNITED STATES DISTRICT COURT**
9                   **DISTRICT OF NEVADA**
10 RICHARD YUSKO, an individual,
11                 Plaintiff,              CASE NO.:    2:11-cv-00278-RLH-GWF
           v.
12
   HORACE MANN SERVICES
13 CORPORATION, an Illinois Corporation;
   HORACE MANN INVESTORS, INC., an
14 Illinois Corporation; DOES I through X,
   inclusive; and ROE CORPORATIONS I
15 through X, inclusive,
16                 Defendants.
17
18                  **EXHIBIT A**
19          UNDERSTANDING OF _____
20     I, _____, declare as follows:
21     1.    My address is _____._
22     2.    My present employer and the address of my present employer (if different from
23 above) are _____._
24     3.    I have received a copy of the Protective Order in the above-captioned action.
25     4.    Having carefully read and understood the provision of the Protective Order agree
   to be bound by its terms.
26     5.    I will hold in confidence and not disclose to anyone not qualified under the
27 Protective Order and will use only for purposes of this action any documents designated as
28

06247-53/789379 (2).doc

1 | "Confidential," as set forth in the Protective Order, which are disclosed to me. I will

2 | maintain any such information in a safe and secure place.

3 |       6.    I will return all documents designated as "Confidential" which come into my

4 | possession and documents or things I have prepared relating thereto, to counsel of the party that

5 | provided such materials to me. I acknowledge that such return shall not relieve me from any

6 | continuing obligations imposed on me by the Protective Order.

7 |       7.    I agree to submit to the jurisdiction of a court located in the state of Nevada for

8 | purposes of enforcement of this Undertaking.

9 |     I declare under penalty of perjury that the foregoing is true and correct.

10 |     Dated this _____ day of _____, 2011.

_____ _____
Signature

_____
Print Name

_____
Witness

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

SDW

06247-53/789379 (2).doc