# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD YUSKO, an individual, | Case No.: 2:11-cv-00278-RLH-GWF |
| Plaintiff, | **O R D E R** |
| vs. | (Motion for Summary Judgment–#28; Emergency Motion to Vacate–#40) |
| HORACE MANN SERVICES CORPORATION, an Illinois Corporation; HORACE MANN INVESTORS, INC., an Illinois Corporation; DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

Before the Court is Defendants Horace Mann Services Corporation and Horace Mann Investors, Inc.'s (collectively "Horace Mann") **Motion for Summary Judgment** (#28, filed Oct. 11, 2011). The Court has also considered Plaintiff Richard Yusko's Opposition (#29, filed Nov. 4), and Horace Mann's Reply (#36, filed Nov. 30).

Also before the Court is a **Joint Emergency Motion to Vacate** (#40, filed Feb. 8).

## BACKGROUND

This dispute arises out of the insurance claim process for an underinsured motorist claim filed by Yusko. On Thanksgiving evening in 2009, Yusko left the Palace Station after

1

having dinner and a couple of drinks. Yusko crossed Sahara Avenue on the side of the street without a crosswalk. (Dkt. #28, Ex. C, Richard Yusko Dep. 34.) As Yusko was crossing Sahara, Dale Dimler struck him with his car. (*Id.*, Ex. D, Dale Dimler Dep. 14.) Multiple witnesses testify that Dimler was proceeding through a green light when he struck Yusko, (*See, e.g.*, *id.*, Ex. D, Dimler Dep. 14-18; Ex. E, Richard Ricketts Dep. 13-14), though Yusko claims that the light was red at least when he started to cross the street (*id.*, Ex. C, Yusko Dep. 36-37, 53-54). Yusko was then charged with jaywalking and being a pedestrian under the influence. (*Id.*, Ex. F.)

After the accident, Yusko incurred approximately $600,000 dollars in medical bills. (*Id.*, Ex. G. Demand Letter.) Yusko obtained the policy limits from Dimler's insurance company, which were insufficient to cover his injuries. He then placed a claim with his insurer, Horace Mann. Horace Mann initially informed him that he did not have underinsured motorist coverage, but just uninsured motorist coverage, which was incorrect under the policy (*id.*, Ex. A, Insurance Policy). However, after a few months, Horace Mann acknowledged that Yusko had underinsured motorist coverage and paid out the full policy limit.

After settling the underinsured motorist claim, Yusko filed suit against Horace Mann for (1) breach of contract, (2) bad faith, (3) intentional infliction of emotional distress, (4) negligence, and (5) unfair claims practices, in the Eighth Judicial District Court for the District of Nevada. The case was then removed on the basis of diversity jurisdiction to this Court. Now before the Court is Horace Mann's motion for summary judgment and a joint motion to vacate the trial date. For the reasons discussed below, the Court grants the motion for summary judgment and denies the motion to vacate as moot.

**DISCUSSION**

I.  **Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir.1994). Summary judgment is appropriate when the pleadings, the discovery

1  and disclosure materials on file, and any affidavits "show there is no genuine issue as to any
2  material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v.*
3  *Catrett*, 477 U.S. 317, 330 (1986).  An issue is "genuine" if there is a sufficient evidentiary basis
4  on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if
5  it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*,
6  477 U.S. 242, 248–49 (1986).  Where reasonable minds could differ on the material facts at issue,
7  however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441
8  (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).  "The amount of evidence necessary to raise a
9  genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing
10 versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983)
11 (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288–89 (1968)).  In evaluating a
12 summary judgment motion, a court views all facts and draws all inferences in the light most
13 favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d
14 1100, 1103 (9th Cir. 1986).

15        The moving party bears the burden of showing that there are no genuine issues of
16 material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In order to carry
17 its burden of production, the moving party must either produce evidence negating an essential
18 element of the nonmoving party's claim or defense or show that the nonmoving party does not
19 have enough evidence of an essential element to carry its ultimate burden of persuasion at trial."
20 *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  Once the
21 moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to
22 "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.
23 The nonmoving party "may not rely on denials in the pleadings but must produce specific
24 evidence, through affidavits or admissible discovery material, to show that the dispute exists,"
25 *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply
26 show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of America*, 285

F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**II.     Analysis**

      **A.     Named Parties**

          Horace Mann first argues that summary judgment should be entered in its favor because Yusko named the wrong parties.  Horace Mann contends that Horace Mann Insurance Company, not Horace Mann Services Corporation or Horace Mann Investors, Inc., issued Yusko's policy.  (Dkt. #28, Ex. A, Insurance Policy.)  Yusko argues that this argument should have been brought in a motion to dismiss and that Horace Mann should be estopped from asserting this argument at this stage of the litigation.  However, Yusko provides no support for his contention and Rule 12 does not support it either.  Fed. R. Civ. P. 12(h).  Nonetheless, rather than grant summary judgment on this ground, the Court will address the claims on their merits.

      **B.     Breach of Contract**

          To prevail on a breach of contract claim, a plaintiff must show "(1) that there was a valid contract, (2) that the plaintiff performed as specified by the contract, (3) that the defendant failed to perform as specified by the contract, and (4) that the plaintiff suffered an economic loss as a result of the defendant's breach of contract." *Samuel, Son & Co. Inc. v. Sierra Stainless, Inc.*, No. 3:09-cv-00291, 2010 WL 4237993 (D. Nev. Oct. 19, 2010).  Here, Horace Mann paid the insurance claim, albeit after some delay.  While it is conceivable that an insured may incur economic loss from the breach of an insurance contract even though he was paid the policy limits, Yusko offers no evidence here to that effect.  Thus, Yusko did not suffer an economic loss due to breach, even assuming that a breach occurred, which the Court need not decide.  Accordingly, the Court enters summary judgment against Yusko on his breach of contract claim.

      **C.     Bad Faith**

          In order to prevail on a bad faith claim, Yusko must demonstrate that Horace Mann (1) denied or delayed in paying a claim; (2) had no reasonable basis to deny or delay the claim; and

(3) knew or recklessly disregarded the fact that there was no reasonable basis to deny the claim. *See Allstate ins. Co. v. Miller*, 962 P.2d 596, 621 (Nev. 1998) (focusing on the second two elements). However, a mere mistaken or incorrect denial of a claim does not give rise to bad faith liability without explicit, wrongful conduct by the insurer. *Id.* at 620; *see also Prudential v. Ins. Co. of Am. v. Coleman*, 428 So. 2d 593 (Ala. 1983) (holding that even a negligent mistake does not give rise to bad faith liability).

Here, Horace Mann presents evidence that its delay in paying Yusko's claim was both mistaken and reasonable. Yusko presents no evidence to contradict Horace Mann's evidence other than that the underlying charges against Yusko were eventually dismissed. Regardless of the dismissal, Horace Man had significant evidence that Yusko was comparatively at fault for the underlying accident, specifically, the police citation and multiple witness accounts. (Dkt. #28, Ex. F; Ex. D, Dale Dimler Depo. 13-20; Ex. E, David Ricketts Depo. 13-22.) Also, Yusko presents absolutely no evidence that Horace Mann knew or recklessly disregarded the fact that there was no reasonable basis to deny the claim (at least in part because Yusko doesn't demonstrate that there was no reasonable basis to deny or delay the claim). As such, Yusko's bad faith claim fails as a matter of law.

### D.   Intentional Infliction of Emotional Distress

In order to establish a claim for intentional infliction of emotional distress in Nevada, a plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct with the intention of causing emotional distress or with reckless disregard for plaintiff's emotional distress; (2) the plaintiff suffered severe or extreme emotional distress as a result; and (3) the defendant's action were the proximate cause of plaintiff's emotional distress. *Jordan v. State*, 110 P.3d 30, 52 (Nev. 2005); *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382 (Nev. 1998).

A claim for intentional infliction of emotional distress operates on a continuum: the less extreme the outrage, the greater the need for evidence of physical injury or illness from the emotional distress. *Chowdry v. NLVH, Inc.*, 851 P.2d 459, 483 (Nev. 1993) (quoting *Nelson v. City*

*of Las Vegas*, 665 P.2d 1141, 1145 (Nev. 1983)). At the ends of this spectrum, conduct is extreme or outrageous if it is atrocious, beyond all possible bounds of decency, and utterly intolerable, *Churchill v. Barach*, 863 F. Supp. 1266, 1275 (D. Nev. 1994), and emotional distress is severe if it is so intense that no reasonable person could be expected to endure it, *Alam v. Reno Hilton Corp.*, 819 F. Supp. 905, 911 (D. Nev. 1993).

Here, Yusko has presented no evidence of physical injury or illness from emotional distress or any evidence of actual emotional distress. Rather, Yusko merely relies on the allegations that Yusko suffered distress and Horace Mann's conduct was outrageous. Regardless of whether a claim for intentional infliction for emotional distress even exists in the insurance context, *see Falline v. GNLV Corp.*, 823 P.2d 888 (Nev. 1991), Yusko has not demonstrated sufficient distress or conduct even possibly rising to the level of intentional infliction of emotional distress. Thus, the Court grants summary judgment on this claim as no reasonable juror could find for Yusko.

### E.   Negligence

Yusko bases his alternative theory of negligence on NRS § 686A.310, part of Nevada's Unfair Claims Practices Act. As such, this is a claim under the statute, which Yusko also asserts, and not a separate negligence claim. *See Boales v. Brighton Builders, Inc.*, 29 S.W.3d 159, 166 (Tex. Ct. App. 2000) (explaining that where a comprehensive statutory scheme exists establishing its own penalties, it does not give rise to negligence per se actions). Further, a requisite element of negligence is damages. *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008). Here, since Horace Mann paid Yusko's policy limits and Yusko has not presented any evidence of any other damages, the Court must grant summary judgment on this claim.

### F.   Unfair Claims Practices

Nevada's unfair claims practices statute requires knowledge for liability under NRS § 686A.310. NRS § 686A.270 ("No insurer shall be held guilty of having committed any of the

Case 2:11-cv-00278-RLH -GWF   Document 41   Filed 02/10/12   Page 7 of 7

acts prohibited by NRS 686A.010 to 686A.310, inclusive, . . . unless an officer, director or department head of the insurer has knowingly permitted such act or has had prior knowledge thereof.") However, Yusko has presented no evidence to this effect, rather, he merely relies on his allegations. Further, an insurer is only liable to an insured for damages resulting from the unfair claims practice. NRS § 686A.310(2). Here, Yusko has not presented evidence of any damages resulting from Horace Mann's conduct. The only damages for which the Court has evidence are a result of the underlying accident, not the claims process or any conduct by Horace Mann. For these reasons, the Court grants summary judgment against this claim.

**III.    Motion to Vacate**

As the Court has granted summary judgment on all of Yusko's claims, no trial is necessary. Therefore, the motion to vacate the trial date is denied as moot.

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (#28) is GRANTED.

IT IS ALSO HEREBY ORDERED that the Joint Emergency Motion (#40) is DENIED as moot. The Clerk of the Court is ordered to close this case.

Dated: February 10, 2012.

_____
ROGER L. HUNT
United States District Judge

AO 72
(Rev. 8/82)

7